UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN
CIVIL ACTION NO. 1:13CV-90-M

BILLY KEITH MELTON                                                PLAINTIFF

v.

MONROE COUNTY *et al.*                                         DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Billy Keith Melton, filed the instant *pro se* action. Subsequent to filing the complaint, Plaintiff filed a motion seeking "to I.D. the Case A-42-USCA-1983-Civil Case" (DN 8). The Court construes the motion as a motion to amend the complaint. **IT IS ORDERED** that the motion (DN 8) is **GRANTED**. *See* Fed. R. Civ. P. 15(a)(1). This matter is before the Court on initial review of the complaint and amended complaint pursuant to 28 U.S.C. § 1915A. Upon review, the Court will dismiss the action.

**I.**

Plaintiff is a convicted inmate at the Eastern Kentucky Correctional Complex. He sues the following Defendants: Monroe County; Eddie C. Lovelace, whom Plaintiff identifies as a judge; Hon. Shanda L. West Stiles, an "APA attorney"; Clay Hunley, the Commonwealth Attorney; George Attwood, the "arresting detective"; M. Brooke Buchanan and Tony Wells, whom Plaintiff does not identify; Karen Shuff Maurer, an "Asst Publice Avocate"; and Attorney General Jack Conway. He sues all Defendants in their individual and official capacities, except for Wells, Maurer, and Conway. He does not state in which capacity he is suing those three Defendants.

Plaintiff states, "The Court of Monroe County failed to follow court procedures in having Mr. Melton a incompetent hearing or the failure to observe procedures adequate to protect a defendants right not to be tried or convicted while incompetent to stand trial . . . ." He avers, "The judge knew Mr. Melton drawed SSI for mental problems so he should of been tested before he was tried (Period). (Improper proscution)." He contends that his attorney's refusal to ask the court for a competency hearing or evaluation was ineffective assistance of counsel. Plaintiff further states that he had a "conflict with this attorney of his trial for his own attorney work for the Commonwealth causing a conflict of interest . . . ." Plaintiff also contends that his attorney failed to retain an expert witness to assist in his defense.

Plaintiff further states, "The prosecutor shows when he drop the PFO's before the jury found Mr. Melton guilty of a life sentence that he already knew what the jury was going to do in this case proving Mr. Melton was not getting a trial for he was already guilty before he went to trial." Plaintiff contends that his sentence for wanton murder "clearly shows he did not have it in his mind to want to kill the girl if they had, had sex if it was a wanton murder he could of hide the body instead of calling the ambulance." Plaintiff also states that "they paid other inmates to make remarks about my case in Monroe Co. Jail" at the time of his trial. He also thinks the judge and the prosecutor were paid in his case.

Plaintiff further contends that his attorneys were ineffective because they "did not try to get Melton a lesser charge we all can see from the videos and paperwork it was Not a wanton murder case . . . ." He also contends the prosecutors "addressed Mr. Meltons charge to the jury improper malicious prosection."

Plaintiff alleges Defendants violated his rights under the United States and Kentucky Constitutions and 42 U.S.C. §§ 1981 and 1983. As relief, Plaintiff seeks $10 million in punitive damages plus interest and attorneys fees.

In the amended complaint, Plaintiff contends that Defendants "significantly restrain Mr. Melton's liberty to do those things which in this country free men are entitled to do." He states, "Such restraints are enough to invoke the help of a 42-USC-1983 Civil case or the Great Writ such as a 28-USC-2254 Habeas Corpus part Civil part crimmal . . . But Mr. Melton chose to file the 42-USC-1983." Plaintiff further asserts that "the judge conspires with the State Officals to deprive Mr. Melton his Constitutional Rights."

## II.

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

3

alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)).

The Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519 (1972). The duty to be less stringent with *pro se* complaints, however, "does not require [the Court] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted), and the Court is not required to create a claim for a *pro se* plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the "courts to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

**A.     42 U.S.C. § 1983**

    **1.     Challenges to conviction**

Plaintiff challenges his state-court conviction on the basis that he should have been given a mental competency evaluation and other grounds. However, any claim that his conviction was

4

unconstitutional is not cognizable under *Heck v. Humphrey*, 512 U.S. 477 (1994). The *Heck* Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a . . . plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Id*. at 486-87 (footnote omitted).

The requirement that the prior criminal action ended favorably for the accused "'avoids parallel litigation over the issues of probable cause and guilt . . . and it precludes the possibility of the claimant . . . succeeding in the tort action after having been convicted in the underlying criminal prosecution, in contravention of a strong judicial policy against the creation of two conflicting resolutions arising out of the same or identical transaction.'" *Id*. at 484 (citation omitted); *see also Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation) - no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) - if success in that action would necessarily demonstrate the invalidity of confinement or its duration.").

Plaintiff's § 1983 claims, if successful, would call into question his state-court conviction. As such, this § 1983 action is barred by *Heck* and will be dismissed for failure to state a claim upon which relief may be granted.

**2.   Claims against judge in criminal action**

Moreover, Plaintiff's claims against the judge in his state-court criminal action, Defendant Lovelace, are also barred. Judges are entitled to absolute immunity for actions arising

5

out of all acts performed in the exercise of their judicial functions. *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). Judicial immunity is available even if the judge acts maliciously, corruptly, or in bad faith. *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (per curiam). Absolute judicial immunity is not diminished even if the judge's exercise of authority is flawed or if there are procedural errors. *Stump v. Sparkman*, 435 U.S. 349, 359 (1978).

To the extent that Plaintiff claims that the judge or any other Defendant "conspired" with others in handling his criminal case, "[i]t is well-settled that conspiracy claims must be pled with some degree of specificity and that vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim under § 1983." *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987). It must be shown that "there was a single plan, that the alleged coconspirator shared in the general conspiratorial objective, and that an overt act was committed in furtherance of the conspiracy that caused injury to the complainant." *Id.* (citing *Hooks v. Hooks*, 771 F.2d 935, 943-44 (6th Cir. 1985)). Upon review of the claims, it is evident that Plaintiff has failed to plead his conspiracy claims with the requisite specificity. Plaintiff's allegations are simply conclusory allegations of a conspiracy that do not survive initial review. Plaintiff does not plead the "specifics" of any alleged conspiracy such as "when, where, or how the defendants conspired." *Perry v. Se. Boll Weevil Eradication Found., Inc.*, 154 F. App'x 467, 477 (6th Cir. 2005). Therefore, Plaintiff's conspiracy claims fail to state a claim upon which relief may be granted.

For these reasons, the individual and official-capacity claims against Defendant Lovelace will be dismissed for failure to state a claim.

### 3. Claims against prosecutor

Additionally, Plaintiff's claims against the prosecutor, Defendant Hunley, are also barred. To the extent a prosecutorial defendant was acting in his role as an advocate, *i.e.*, initiating and pursuing a criminal prosecution and presenting the Commonwealth of Kentucky's case, he enjoys absolute prosecutorial immunity. *Imbler v. Pachtman*, 424 U.S. 409, 427-28 (1976); *Spurlock v. Thompson*, 330 F.3d 791, 797 (6th Cir. 2003); *Grant v. Hollenbach*, 870 F.2d 1135, 1138 (6th Cir. 1989). Plaintiff's claims against Defendant Hunley arise out of his role in presenting evidence at trial as a prosecutor. Defendant is entitled to absolute immunity for these actions. Therefore, Plaintiff's complaint against Defendant Henley in his individual and official capacity will be dismissed for failure to state a claim.

### 4. Claim against his own attorneys

Finally, Plaintiff claims against his public defenders, Defendants Stiles and Maurer, also fail. Public defenders are not liable to suit under § 1983 because public defenders do not act under color of state law when representing indigent clients in criminal proceedings. *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."). Thus, Plaintiff's claims against his own attorneys in their individual and official capacities will be dismissed for failure to state a cognizable § 1983 claim.

### 5. Claim against Monroe County

A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Deaton v.*

*Montgomery Cnty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). The plaintiff must "identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 363-64 (6th Cir. 1993) (citing *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds by Frantz v. Vill. of Bradford*, 245 F.3d 869 (6th Cir. 2001)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cnty. v. Dodson*, 454 U.S. at 326 (citation omitted)).

Plaintiff has not alleged any actions taken against him pursuant to a municipal policy or custom. Plaintiff's complaint appears to allege isolated occurrences affecting only him. *See Fox v. Van Oosterum*, 176 F.3d 342, 348 (6th Cir. 1999) ("No evidence indicates that this was anything more than a one-time, isolated event for which the county is not responsible."). Accordingly, Plaintiff's claim against Monroe County will be dismissed for failure to state a claim upon which relief may be granted.

**B.     42 U.S.C. § 1981**

Plaintiff also alleges Defendants violated 42 U.S.C. § 1981. Section 1981(a) of Title 42 of the United States Code has been construed as a prohibition against certain forms of racial discrimination. *Saint Francis College v. Al-Khazraji*, 481 U.S. 604, 608-10 (1987). The elements of a claim under § 1981 are: "(1) the plaintiff is a member of a racial minority; (2) an intent to discriminate on the basis of race by the defendant; and (3) the discrimination concerned one or more of the activities enumerated in the statute (i.e. make and enforce contracts, sue and

8

be sued, give evidence, etc.)." *Mian v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 7 F.3d 1085, 1087 (2d Cir. 1993).

Plaintiff fails to state how the facts he alleges fall within the ambit of § 1981. Plaintiff does not even identify his race. Therefore, Plaintiff's claims under § 1981 will be dismissed.

**C.     Claims against Attwood, Wells, and Conway**

The complaint states no factual allegations against Defendants Attwood, Wells, or Conway. To state a claim for relief, Plaintiff must show how each Defendant is accountable because the Defendant was personally involved in the acts about which he complains. *See Rizzo v. Goode*, 423 U.S. 362, 375-76 (1976). Because Plaintiff makes no factual allegations against these Defendants, the individual and official-capacity claims against Defendants Attwood, Wells, and Conway fail to state a claim and will be dismissed.

**D.     State-law claims**

Because Plaintiff's federal-law claims will be dismissed, the Court declines to exercise its supplemental jurisdiction over Plaintiff's claims under the Kentucky Constitution. *See* 28 U.S.C. § 1367(c)(3). Plaintiff's claims under the Kentucky Constitution will be dismissed without prejudice.

The Court will enter a separate Order dismissing the complaint for the reasons stated.

**IV.**

In the amended complaint, which Plaintiff captioned as a motion "to I.D. the Case A-42-USCA-1983-Civil Case[,]" he refers to an action for habeas corpus but seems to make clear that he seeks relief under 42 U.S.C. § 1983 and does not intend to pursue a writ of habeas corpus. Moreover, he seeks monetary damages and not release, also evincing his intention to file a

§ 1983 action rather than a habeas corpus action. In any event, to the extent that Plaintiff may want to challenge the validity of his confinement, he may wish to file a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The **Clerk of Court is DIRECTED** to send Plaintiff a blank form for filing a § 2254 petition should he wish to file such an action. The Court notes that Plaintiff must exhaust all available state remedies or demonstrate their inadequacies before a federal court may grant habeas corpus relief. 28 U.S.C. § 2254(b);[1] *Martin v. Mitchell*, 280 F.3d 594, 603 (6th Cir. 2002) ("Habeas corpus relief is available only if the applicant first exhausts remedies available in state court.").

Date: November 27, 2013

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

cc: Plaintiff, *pro se*
    Defendants
4414.010

---

[1] Section 2254 provides, in pertinent part:
(b)(1) An application for a writ of habeas corpus . . . shall not be granted unless it appears that:
(A) the applicant has exhausted the remedies available in the court of the State; or
(B)(i) there is an absence of available State corrective process; or
(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

10